AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

FILED

JUN 14 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# United States District Court

| District | Eastern Northern |
|---|---|

| Name | Michael Fredric Mora | Prisoner No. CDC # V26175 | Case No. |
|---|---|---|---|

Place of Confinement

California Correctional Institution (CCI)

C 07 3121

SBA (PR)

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| MICHAEL FREDRIC MORA | v. W.J. SULLIVAN, WARDEN, et.al., HAROLD TATE, MEDICAL DOCTOR, (CMO) |

The Attorney General of the State of: CALIFORNIA; Jerry Brown

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  Santa Barbara

   County Superior Court, Lompoc Division

2. Date of judgment of conviction  February 17, 2004

3. Length of sentence  Seven Years

4. Nature of offense involved (all counts)  Petty w/a Prior, and a Prison Prior

   _____

   _____

   _____

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)  N/A
   (a) Jury  ☐
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

69-7

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _____ *N/A* _____

(b) Result _____

(c) Date of result and citation, if known _____

(d) Grounds raised _____

_____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _____

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

(3)

69-5

AO 241 (Rev. 5/85)

_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?  *N/A*
   Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

   (1) Name of court _____

   (2) Nature of proceeding _____
   _____

   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐   No ☒

   (5) Result _____

   (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?  *N/A*
   (1) First petition, etc.      Yes ☐   No ☐
   (2) Second petition, etc.     Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

   Petitioner is Ccomplaining about Medical Health Care
   _____
   _____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

69-6

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Inadequate Medical Health Care

Supporting FACTS (state *briefly* without citing cases or law) Petitioner is incarcerated within the California Department of Corrections & Rehabilitation (CDC&R) petitioner suffered a work related re-injury while working for Prison Industry Authority (PIA) at the California Correctional Institution (CCI) on May 19, 2005 petitioner notified his work supervisor Mr. Avila that he was experiencing

(SEE ATTACHED SHEETS, PAGES #1 THROUGH #10)

B. Ground two:

Supporting FACTS (state *briefly* without citing cases or law):

(5)

69-7

AO 241 (Rev. 5/85)

C.  Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D.  Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes ☐   No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
     (a)  At preliminary hearing _____

     (b)  At arraignment and plea _____

     _____

69-8

AO 241 (Rev. 5/85)

(c)  At trial _____

_____

(d)  At sentencing _____

_____

(e)  On appeal _____

_____

(f)  In any post-conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ☐  No ☒

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐  No ☒
    (a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

    (b)  Give date and length of the above sentence: _____

_____

    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_June 3, 2007_____
       (date)

_Michal Fedu M____
Signature of Petitioner

(7)

69-9

1  at night with pain in left shoulder and shocking sensation with

2  sharpe pain in neck. While all along the medical staff kept

3  telling petitioner to be more active, even though petitioner had

4  net yet received a follow up visit with the orthopedic surgeon

5  nor started physical therapy. (see Exhibit-L) Appeal Log # CCI-

6  06-2473

7       On September 22, 2006 petitioner received correspondence

8  from the Prison Law Office, saying they were going to re-open

9  petitioner's file by contacting the Attorney General's Office in

10  reference to petitioner's ongoing medical care and or treatment.

11  (see Exhibit-M)

12       On November 17, 2006 petitioner was again transferred to Kern

13  County Neurological Medical Group for a follow up consultation in

14  reference to petitioner's previous office visit and to read the

15  results from the MRI done on July 17, 2006 in Exhibit-K. After an

16  extensive examination of the EMG, and MRI Dr. Lin determined in

17  his diagnoses that at this time petitioner did not require

18  surgery, but rather prescribed neurontin for the chronic neck

19  pain, one week of physical therapy, and four weeks of occupation-

20  al therapy. However, this report has been removed from

21  petitioner's Medical C-File. Petitioner was transported two times

22  to see Dr. Lin a neurological specialist, and received an MRI,

23  only to have Chief Medical Officer, Harold Tate, MD. discriminate

24  against him and cancel this order leaving petitioner with chronic

25  neck pain. (see Exhibit-N)

26  //

27  //



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 05 90192

1    On January 24, 2007 petitioner was transported to Tehachapi

2 Fracture Clinic, and was seen by the new contracted Orthopedic

3 Surgeon, Dr. Lewis. After a thorough examination it was determine

4 that performing carpal tunnel release would be beneficial in

5 eliminating the pain in petitioner's shoulder, and the cramping

6 in his hand. Dr. Lewis also ordered the Fracture Clinic to take a

7 series of x-rays while petitioner was their as Dr. Lewis was

8 planning on recommending that he perform the carpal tunnel re-

9 lease procedure. But, was most concern with the spot around

10 petitioner's heart. Furthermore, Dr. Lewis recommended that an

11 MRI of petitioner's lungs be done, and that petitoner receive

12 pulmonary and cardio consultation's prior to surgery. Petitioner

13 declares Dr. Lewis's report has been removed from his Medical C-

14 File, and Chief Medical Officer, Harold Tate, MD, has kept the

15 information within this report from petitioner.

16    On February 7, 2007 petitioner received correspondence from

17 the Prison Law Office, and Cheif Medical Officer, Harold Tate, MD

18 told them that Dr. Lewis, the Orthopedist who saw petitioner on

19 January 24, 2007 and recommended that petitioner go back to Dr.

20 David G. Smith, the doctor who ordered petitioner's nerve

21 conduction study, but then recommended that petitioner receive

22 carpal tunnel surgery. Furthermore, Chief Medical Officer, Harold

23 Tate, MD, stated there was no note about petitioner's shoulder,

24 which was the only reason for this appointment in the first place.

25    This make no sense, especially since Dr. David G. Smith is

26 no longer the contracted doctor with CCI, Dr. Lewis is. And this

27 information was erroniously passed on to the Prison Law Office,



1 performed on petitioner's neck in exhibit-N, by Dr. Lin at Kern

2 County Neurological Medical Group, who had seen petitioner twice

3 on separate occassion to specifically address petitioner's neck

4 injury. Dr. Lin stated that surgery was not needed at this time,

5 and diagnosed a different course of treatment, which Chief

6 Medical Officer, Harold Tate, MD, specifically canceled and said

7 petitioner would not benefit from.

8   Petitioner would like to remind this Honorable Court, that

9 Chief Medical Officer, Harold Tate, MD, and his Staff were unable

10 to diagnose petitioner's injuries early on, and it was medically

11 necessary for petitioner to be refered to Health Care Specialists

12 the Courts must have these two fact finding medical reports in

13 hand. CCI, has repeatedly refused to let petitioner see what was

14 written by Dr. Lin at Kern County Neurological Medical Group on

15 November 17, 2007, and Dr. Lewis at the Tehachapi Fracture Clinic

16 on January 24, 2007. Chief Medical Officer, harold Tate, MD, has

17 removed this valuable medical information from petitioner's

18 Medical C-File, because in the past, his subordinates have

19 revealed medical information to petitioner that Chief Medical

20 Officer, Harold Tate,MD, believed petitioner should not have

21 known about.

22   This type of action towards petitioner, by Chief Medical

23 Officer, Harold Tate, MD, constitutes discrimination, and

24 delibrate indifference against petitioner and his medical needs,

25 which is a repudiation of petitioner's Eighth and Fourteenth

26 Amendment of The United States Constitution.

27 //



1  burning, popping, and pain in left shoulder as well as burning,

2  cramping, swelling, and numbness in his left hand. Petitioner filed

3  a "602" Grievance in order to try to obtain medical treatment.

4  (see Exhibit-A) Appeal Log # CCI-05-1525

5      On May 21, 2005 petitioner wrote to the Prison Law Office in

6  San Quentin, asking for their assistance in tracking the progress

7  of petitioner's Medical Appeal, Log # CCI-05-1525 requesting

8  treatment for his injuries. (see Exhibit-B)

9      On September 20, 2005 petitioner again appealed to the unit #1

10 facility doctor to transfer him to a Medical Facility, so petition-

11 er could obtain the needed Medical Treatment. (see Exhibit-C)

12     On September 23, 2005 petitioner was interviewed by Mariana

13 Teel, Correctional Health Care Administrator, for the purpose of

14 addressing CCI Appeal Log # CCI-05-1525. It was learned that

15 petitioner would receive a referral for a repeated Orthopedic

16 Consultation. (see Exhibit-D)

17     The Court should be aware, that the injuries petitioner had

18 suffered were beyond the Medical Practice of Chief Medical Officer,

19 Harold Tate, MD. and his Medical Staff here at California

20 Correctional Institution (CCI). It was medically necessary for

21 petitioner to be examined by Health Care Specialist's.

22     On January 25, 2006 petitioner received the Director's Level

23 Appeal Decision, and it was learned that petitioner's referral to

24 see the Orthopedist was never made. Now another (4) months have

25 passed, and this process exhausted petitioner's Administrative

26 Remedies. (see Exhibit-E)

27 //



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

1 which Chief Medical Officer, Harold Tate, MD, has been doing all

2 along. Saying one thing to petitioner and another to the Prison

3 Law Office, when all's petitioner is trying to receive is safe,

4 adequate, effective, medical treatment and or care. This report

5 is just untrue, the Courts must have the original fact finding

6 report made by Dr. Lewis to California Correctional Institution.

7 (see Exhibit-O)

8          On February 16, 2007 petitioner received the Second Level

9 Response to his medical appeal, log # CCI-06-2473. Only this

10 report states petitioner's neck and shoulder were evaluated and

11 that petitioner's needs no medical treatment. But, it was

12 recommended that carpal tunnel release surgery be performed on

13 petitioner's neck. (see Exhibit-P) However, this report to

14 petitioner presents a conflict of interest to petitioner's

15 medical needs, as this information does not coincide with the

16 information provided to the Prison Law Office on February 7, 2007

17 in exhibit-O. Which states in part; there was no note about

18 petitioner's shoulder, nor mention petitioner's neck, but also

19 recommended that petitioner receive carpal tunnel surgery.

20          Petitioner would like to clarify to the Court's that Chief

21 Medical Officer, Harold Tate, MD, produced these reports (1) to

22 the Prison Law Office in exhibit-O, and (2) to petitioner in

23 exhibit-P. Both reports were based from the same report filed by

24 Dr. Lewis from petitioner's office visit at Tehachapi Fracture

25 Clinic on January 24, 2007, yet both diagnose different treatment

26 like there was two different, separate reports filed from Dr.

27 Lewis. Also there is no mention of carpal tunnel release being

1    When petitioner had exhausted his Administrative Remedies

2 without success in receiving the medical care needed to alleviate

3 severe pain and discomfort. As now petitioner was troubled with

4 limmited movement due to his injuries, and medical condition, which

5 forced petitioner to write yet another letter to the Prison Law

6 Office. Explaining that he was unable to receive the much needed

7 medical care, and needed their assistance to get things moving.

8    On February 23, 2006 (9) months after petitioner suffered his

9 injuries, while working for Prison Industry Authority (PIA)

10 petitioner was transported to the California State Prison, Corcoran

11 and was seen by Orthopedic Surgeon, David G. Smith, who requested

12 left shoulder arthroscopy and probably carpal tunnel release

13 surgery. Dr Smith also requested that petitioner receive a nerve

14 conduction study (EMG). (see Exhibit-F)

15    On April 6, 2006 petitioner was examined by Dr. Orson Anderson

16 at (CCI) for the Department of Corrections & Rehabilitation to

17 determine the medical necessity of petitioner's said injuries. Dr.

18 Orson Anderson's report stated "petitioner appears to have no

19 muscle or skeletal problems of any sort, and a specialty referral

20 appears to be medically unnecessary." (see Exhibit-G)

21    On April 27, 2006 the Prison Law Office contacted petitioner

22 and said that CCI's Medical Official's, Acting, (HCM) Dr. Win, as

23 Chief Medical Officer, Harold Tate, MD. was on vacation, and Health

24 Care Administrator, Mariana Teel told the Prison Law Office that

25 Dr. Smith recommended left shoulder arthroscopy and noted that

26 petitioner suffered from carpal tunnel syndrome. However, Dr.

27 Anderson's for the Department of Corrections & Rehabilitation

1  determined that petitioner's medical condition was not urgent,
2  but rather routine, and would be considered an elective process.
3  (see Exhibit-H)

4       On May 19, 2006 petitioner was transported to Kern County
5  Neurological Medical Group, for the purpose of receiving a nerve
6  conduction study (EMG) ordered by Dr. Smith February 23, 2006
7  which also revealed an unnoticed injury to petitioner's spine
8  that contradicts Dr. Anderson's report in Exhibit-G that stated
9  petitioner has no skeletal problems of any sort. (see Exhibit-I)

10      On May 25, 2006 (1) year later petitioner was transported
11 to Corcoran District Hospital, where (contracted) Orthopedic
12 Surgeon, David G. Smith performed left shoulder arthroscopy
13 surgery and found trauma during this procedure. There was a
14 labral detachment of the labrium, anteriorly and superiorly as
15 well as fraying of the rotator cuff. This seriously contradicts
16 Dr. Anderson's report in Exhibit-G that stated petitioner has no
17 muscle problems of any sort. (see Exhibit-J). The carpal tunnel
18 syndrome procedure was not performed as the (EMG) report was not
19 yet available. Petitioner was released from the hospital with
20 doctor's orders to return in 10 days, and start physical therapy.

21      On July 17, 2006 petitioner received an MRI as requested by
22 Dr. Lin on May 19, 2006 from the Kern County Neurological Medical
23 Group. This film distinctly clarifies petitioner's spinal injury
24 to the C6 & 7 vertebrate's. (see Exhibit-K)

25      On August 31, 2006 petitioner filed yet another "602"
26 Grievance as CCI's medical staff were not addressing petitioner's
27 injuries to his neck and shoulder. As petitioner was waking up

1    On April 18, 2007 petitioner received correspondence from

2  the Kern County Grand Jury, saying that the committee had several

3  follow uo discussions with Chief Medical Officer, Harold Tate, MD

4  and it was to their understanding all related matters have been

5  addressed. (see Exhibit-Q)

6    On May 9, 2007 petitioner received the Director's Level

7  Appeal Decision on the Second Medical Appeal filed for the same

8  injuries. It was determined that appellant presented no evidence

9  to warrant modification of decision reached by the institution:

10  Appeal Denied. (see Exhibit-R)

11  SUMMARY:

12    On May 19, 2005 petitioner was re-injured while working for

13  the Prison Industry Authority (PIA) at California Correctional

14  Institution (CCI). Petitioner repeatedly complained about burning

15  popping, and pain in left shoulder as well as burning, cramping,

16  swelling, and numbness in left hand. Petitioner was seen by

17  Orthopedic Surgeon, Dr. David G. Smith on February 23, 2006, and

18  it was determined that petitioner required arthroscopy surgery,

19  and carpal tunnel release, as stated in exhibit-F.

20    On November 17, 2006 petitioner was seen by Dr. Lin at Kern

21  County Neurological Medical Group, and it was determined that

22  petitioner did not require surgery for his spinal injury. But,

23  rather be prescribed neurontin for his chronic neck pain,

24  followed by one week physical therapy, and four weeks occupation-

25  al therapy. However, Chief Medical Officer, Harold Tate, MD, said

26  that petitioner would not benefit from this treatment and ordered

27  it canceled, as stated in exhibit-N

1    On January 24, 2007 petitioner was seen by yet another
2 Orthopedic Surgeon, Dr. Lewis, who said petitioner would benefit
3 from carpal tunnel release for two reasons (1) it would relieve
4 the pain in petitioner's left shoulder (2) stop the cramping in
5 his left hand. However, Chief Medical Officer, Harold Tate, MD,
6 told the Prison Law Office on February 7, 2007 that petitioner
7 did not require surgery. But, that he would not assign petitioner
8 to any job where he would have to use his hands, as stated in
9 exhibit-O. Chief Medical Officer, Harold Tate, MD, has repeatedly
10 discriminated against petitioner for petitioner filing "602"
11 Grievances, for trying to obtain medical treatment to eliminate
12 severe pain and discomfort that causes a limitation of function
13 and/or ability for petitioner to perform his daily activities
14 freely. Not only is petitioner, and his medical needs being
15 discriminated against, but petitioner is not allowed to partici-
16 pate in any of the Vocational Trades, to benefit from any of the
17 Prison Rehabilitation Programs that are available to the rest of
18 the inmate population here at California Correctional Institution.
19 RELIEF SOUGHT:

20    Petitioner is entitled to Federal Jurisdiction under 28 USCS
21 § 2254. State custody; remedies in Federal Courts.

22 (b)(1) An application for writ of habeas corpus on behalf of a
23 person in custody pursuant to the judgment of a State Court shall
24 not be granted unless it appears: (B)(1) that there is an absence
25 of available State corrective process. Petitioner seeks relief
26 through this Honorable Court, as the California Department of
27 Corrections & Rehabilitations, Medical Department, falls under

1  Federal Jurisdiction, and the State Court's cannot intervene

2  with, what lies in the Federal Court's Jurisdiction.

3      The petitioner is asking this Honorable Court to issue an

4  injunction where the petitioner can receive adequate medical care

5  and/or be transferred to an Institution where petitioner can

6  receive the much needed health care. And, its the petitioner's

7  wish asking this Honorable Court to also award the petitioner

8  Compensatory, and Punitive Damages from each named the defendants

9  as follows:

10     1.  To award petitioner Compensatory Damages in the amount

11  of $150,000.00 from the named defendants in this Civil Action.

12     2.  To award petitioner Punitive Damages in the amount of

13  $50,000.00 from the eached named defendants inthis Civil Action.

14     3.  To award petitioner Attorney fees to be determined at a

15  later date.

16

17

18

19

20

21

22

23

24

25

26

27



10

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _____

(b) At arraignment and plea _____

(6)

69 - ξ



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

11/28/2006

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult. I spoke with Dr. Tate about your concern at a telephone conference on 11/22/2006.

Dr. Tate said that you were ordered for tylenol twice a day as needed on 11/16, following a fall on the yard. He said that this prescription has not yet been administered, as it was ordered "as needed" and you need to request it in order to receive it. He also said that a request for services with orthopedics was placed on 8/15 about your shin pain and you had this appointment on 10/24. The orthopedics report stated you had a 2.5 out of 10 pain and did not make further treatment recommendations.

Dr. Tate said that you had an appointment with neurology on 11/17 for chronic neck pain, and that you were prescribed neurontin for one week along with physical therapy and occupational therapy for four weeks. He explained, however, that neurontin would be ineffective in your case, and that this order was therefore cancelled.

Dr. Tate said that on 11/16, new filters and other necessary supplies were ordered for your C-Pap machine, and that you will have a follow-up appointment in mid-December in regards to this issue. He said that the first sleep study confirmed obstructive sleep apnea, and that after the second study, the settings on your machine were adjusted. He said that he would look into whether or not you require a new machine, but that at this time he does not want to prescribe medication due to the risk of increasing your blood pressure.

I also write in response to your letter which we received on 11/8/06. In the letter, you state that RN Teel provided us with incorrect information during our previous HCM Call. You also state that you are having problems with your C-Pap machine. I apologize for the incorrect information we were given in our previous letter and I hope that this letter clarifies those issues. I also hope that the adjustments made to your machine have helped and that you are able to work with CCI medical staff in order to address your sleep apnea.

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Since there are issues that are still unresolved, I intend to discuss your case with the Health Care Manager at CCI again during our next scheduled call on 12/15/06. I will contact you again once I receive further information. I would appreciate it if you would keep me updated regarding any treatment or pending treatment you receive. I am enclosing a postage-prepaid envelope for your convenience.

Sincerely,

Sam Weiner
Litigation Assistant under Brittany Glidden

Enclosures: SASE;



PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

12/19/2006

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult. I spoke with Dr. Tate about your concern at a telephone conference on 12/15/2006.

Dr. Tate said that your C-Pap machine needs to be adjusted from the current setting of 7 centimeters to 8 centimeters. He told us that he would look into making sure that your machine is adjusted. He also told us that you will be seeing orthopedics in late December. Dr. Tate said that while you were indeed recommended for physical therapy, he could not confirm whether you had received this therapy. He told us that he would be looking into this situation.

I also write in response to your letter which we received on 12/6/06. In the letter, you state that you have not seen an orthopedist since 5/25/06, and that your current pain medication is ineffective in relieving your pain. You state that you have not complained of any shin pains, and that you did not fall on the yard. You also state that you have only had one sleep study, and that the person ordering your C-Pap supplies does not have a medical background.

I hope that your upcoming appointment with the orthopedist helps to resolve your post-surgical concerns. In regards to your pain medication, Dr. Tate explained that NSAID medication is most effective for chronic neck pain. While I hope that your appointment with orthopedics can help to resolve your pain issue, I of course suggest that you continue to raise your concerns with CCI medical staff if you are still in pain.

I am sorry to hear that your C-Pap machine is still not properly set. Dr. Tate told us that you had been scheduled for an appointment with the pulmonologist on 12/13, but that this appointment had to be cancelled due a lockdown. I am sorry to hear that this occurred, and I hope that your machine is soon properly configured.

Since there are issues that are still unresolved, I intend to discuss your case with the Health Care Manager at CCI again during our next scheduled call on 1/5/07 . I will contact you again once I receive further information. I would appreciate it if you would

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

keep me updated regarding any treatment or pending treatment you receive.  I am enclosing a postage-prepaid envelope for your convenience.

Sincerely,

Sam Weiner
Litigation Assistant under Alison Hardy

Enclosures: None



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

1/23/2007

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult. I spoke with Dr. Tate about your concern at a telephone conference on 1/18/2007.

Dr. Tate said that you are scheduled for an orthopedic appointment at the end of January. I hope that you soon receive this appointment and it helps to resolve your pain. I do not know why the December appointment did not occur. Dr. Tate also said that he worked personally with the technician to ensure that your C-Pap machine is properly adjusted. I hope this is working now. He said that you wanted a different size mask, but that in his medical opinion, a new mask is not necessary. Dr. Tate also confirmed that you did receive PT in late 2006.

Since there are issues that are still unresolved, I intend to discuss your case with the Health Care Manager at CCI again during our next scheduled call on 2/2/07. I will contact you again once I receive further information. I would appreciate it if you would keep me updated regarding any treatment or pending treatment you receive. I am enclosing a postage-prepaid envelope for your convenience.

Sincerely,

Sheena Johnson
Litigation Assistant for Brittany Glidden

Enclosures: SASE

**Board of Directors**
Penelope Cooper, President ● Michele Walkin Hawk, Vice President ● Marshall Krause, Treasurer
Honorable John Burton ● Felecia Gaston ● Christiane Hipps ● Margaret Johns
Cesar Lagleva ● Laura Magnani ● Michael Marcum ● Ruth Morgan ● Dennis Roberts

Michael Mora
V26175-Unit-1-VWL-31L
CCI, PO Box 107
Tehachapi, Ca 93581


Director of Corrections
PO Box 942883
Sacramento, Ca 94283-0001


H. Requesting Directors Level Review

RE: CCI-0-06-02473


ATTN: Chief, Inmate Appeals

Appellant request, that the Medical Treatment and/or Care ordered by Dr.Lin, a
neurologist on 11-17-06, and Dr.Lewis, an orthopedist on 1-24-07 be GRANTED.

California Correctional Institutions, Medical Department and specifically the
Chief Medical Officer (CMO) Harold Tate,MD, has denied or prolonged appellants
ability to gain access to Health Care. The Medical Staff here at CCI has been
unable to diagnose some of my medical needs and when a referral is made and I
am seen by the specialist and a course of medical treatment is recommended,
then all of a sudden CMO TATE knows more than the specialist and says this
kind of treatment and/or Care will not work on my medical condition.
    1.  On 11-17-06, I was seen by Dr.Lin at Kern County Neurological Medical
Group, who recommended pain medication, physical therapy, occupational therapy,
and medication for my narcolepsy.
    2.  On 1-24-07, I was seen by Dr.Lewis at the Tehachapi Fracture Clinic,
who recommended carpal tunnel release to releave the pain I was still having in
my left shoulder. He also took a series of X-Rays and was most worried about a
spot he found on my lungs, so he recommended and MRI for my lungs a Pulmonary,
and Cardio Consultation, prior to my surgery.

But all this Treatment and/or care has been denied by the Chief Medical Officer
(CMO) Harold Tate,MD. I urgently request that I be afforded all medical care
and/or treatment recommended by the specialist I have seen.


DATED: 2-27-07

Respectfully Submitted,

*Michael Mora*

Michael Mora
V26175-Unit-1-DH-113L
CCI, P.O. Box 107
Tehachapi, Ca 93581


Kern County Grand Jury
1415 Truxtun Avenue
Bakersfield, CA 93301


Dear Sir/Madam;

Thank you for meeting with me on February 26, 2007. I really appreciated
the time and effort the Law and Justice Committee spent with me, giving me the
opportunity to explain my situation here at California Correctional Institution.

However, Chief Medical Officer, Harold Tate,MD. has not addressed any of
my medical needs with me, nor has any other Medical Staff here at CCI. The fact
of matter, that when you were here I was without Pollen Air Filters for my C-PAP
Breathing Machine. That is still the case, and the Manufacture states not to use
their machine without them. So I am still being placed in a life threatening
situation here at CCI, just for starters.

Once again, Thank You in trying to correct poor medical conditions here
at California Correctional Institution.

May 12, 2007


                                    Sincerely,



*Kern County*

# GRAND JURY

2006 – 2007

JOHN C. MAINLAND
Foreman

Doris A. Duquette

Robert J. Gardner

Peter Granucci

Stanley W. Haymaker

Bridget R. Heath

Donna M. Jackson

F. Richard Macy

Michael S. McCarthy

Bill R. McDougle

Lois C. Miller

Dennis H. Mitchell

Bill J. Pilkington

Guy F. Porter

Bonnie M. Ramsdell

Ruth A. Richardson

Lawrence J. Walker

George J. Yurkas

1415 TRUXTUN AVENUE
BAKERSFIELD, CA 93301
(661) 868-4797
Fax: (661) 321-0761
www.co.kern.ca.us/grandjury



April 18, 2007

Mr. Michael Mora V26175
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

Dear Mr. Mora:

Thank you for meeting with the Law and Justice Committee of the 2006-2007 Kern County Grand Jury on February 26, 2007. Subsequent to that meeting, the Committee interviewed both the level one doctor and the Chief Medical Officer. In addition, the documents you gave the Committee were reviewed.

The Committee has also had several follow up discussions with the Chief Medical Officer. It is our understanding that all related matters have been addressed.

Accordingly, the 2006-2007 Kern County Grand Jury considers the matter closed.

Sincerely,

Ruth A. Richardson, Chairman
Law and Justice Committee

John C. Mainland, Foreman
2006-2007 Kern County Grand Jury

481079

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|

*A fee of $5.00 may be charged to your trust account for each health care visit.*

**If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.**

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|---|---|---|
| Michael Mora | V26175 | Davis Hall 113Low |

| PATIENT SIGNATURE | DATE |
|---|---|
| *[signature]* | 5-10-07 |

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I have been having problems at night when I sleep with my breathing. I wake up throughout the night with difficulty breathing, as my airway feels like its restricted with a hard time swallowing.

*NOTE:  IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|

☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
MICHAEL FREDRIC MORA
V26175 UNIT #1 DAVIS HALL, BED#113L
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 107
TEHACHAPI, CA. 93581-0107   KERN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
HAROLD TATE,MD.
CHIEF MEDICAL OFFICER
CALIFORNIA CORRECTIONAL INSTITUTION
P.O. BOX 1031
TEHACHAPI, CA. 93581-1031   KERN

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION   (PLACE AN ✗ IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN ✗ IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ✗ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

### V. NATURE OF SUIT   (PLACE AN ✗ IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ✗ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

### VI. ORIGIN   (PLACE AN ✗ IN ONE BOX ONLY)

✗ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $200,000.00   Check YES only if demanded in complaint.
JURY DEMAND:   ✗ YES   ☐ NO

### VIII. RELATED CASE(S)   (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE
June 3, 2007

SIGNATURE OF ATTORNEY OF RECORD
_Michel Fredric M_

UNITED STATES DISTRICT COURT

693

COPY

EXHIBIT **A**

STATE OF CALIFORNIA                                                              DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.                    Category    medical
1. _CCI 05_    1. _1525_    Access to care
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. _MICHALE_

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| MORA, MICHAEL | V-26175 | GAR-1.519 Sewing Machine OP ( PIA ) | 1-CHU-112Low |

A. Describe Problem: 5-19-05, while working for California Department Of Corrections, in Prison Industries Authority at California Correctional Institution at approx: 1000 hrs, I notified my supervisor Mr. Avila, I was experiancing burning, poping, and pain in my (L)shoulder as well as burning, cramping, swelling and numbness in (L)hand. Mr.Avila called the medical clinic (2) times. My supervisor said to me "doctor Yin is refusing to treat your injuries", and furthermore stated that doctor Yin said "theres nothing wrong with me and I can work". Thus violating DOM.31020.7.5.2.2.8.right to medical treatment "ON THE JOB INJURY" CCR(15)3350.(a)(1)(4)(5), 3391.EMPLOYEE CONDUCT, 3271.RESPONSIBILITY OF EMPLOYEE. I requested to see the sargeant, and

If you need more space, attach one additional sheet.

( see attached sheet )

B. Action Requested: (1)receive effective medical care/treatment prescribed by the Eighth Amendment, DOM.31020.7.7.2.2.8."RIGHT TO MEDICAL TREATMENT", CCR(15)3350.(a)(1)(2)(3)(4)as doctor Yins total disregard to substancial risk to harm and health (failure to assess inmate injuries) thus causing an unwanton infliction of pain and suffering constituting (see attached sheet )

Inmate/Parolee Signature: _Michael Mora_    Date Submitted: 5-19-05

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

Date Submitted: _____

CDC Appeal Number:

return to WOLF___

First Level: ~~error~~ ☒ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **JUN 07 2005**  Due Date: **JUL 15 2005**

Interviewed by: _Dr. Yin on 6/9/05 and 6/29/05 (and Clinic nurse on 6/2/05)_

_Appellant has been seen/evaluated for this issue on more than one occasion and is receiving appropriate medical care. Appellant's light duty chrono is still active, and work supervisor is to ensure that restrictions are accommodated. This appeal has been processed as a medical ~~issue and not as a staff complaint and request for a complaint to be~~ ~~placed in staff file, Beyond the scope of the appeal process~~_

Staff Signature: _All neither_   Title: _LA Appeals Coordinator_   Date Completed: _8/30/05_

Division Head Approved: ☒   Signature: _Mariana Liu_   Title: _HCM (A)_   Returned Date to Inmate **SEP 02 2005**

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

X-ray revealed AC seperation in (L)shoulder, torn rotator cannot be ruled out since no dye was used in MRI, yes I received a chrono and motrin, there is my appropriate medical care. I was going to have surgery prior to incarceration. MR Avila & MRS GREEN, knew about my injury & said work or receive a 115, once reinjured received no care. No issues in 602 are addressed in staff responce, 110 days is plenty of time to properly channel this appeal.

Signature: _Michael Span_   Date Submitted: _9-3-05_

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☒ Other **SEP 09 2005**

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____   Due Date: **OCT X 6 2005**
☒ See Attached Letter

Signature: _____   Date Completed: _10/11/05_

Warden/Superintendent Signature: _Mariana Liu CSW M. Tate, MD/HCM_   Date Returned to Inmate: **OCT 1 2 2005**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_See Attach Front Page._

Signature: _Michael Span_   Date Submitted: _10-18-05_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____
☐ See Attached Letter

Date: **JAN 2 5 2006**

CDC 602 (12/87)

was seen by Sargeant Tyner,upon my arrival he asked what my problem was, I informed him that I received an injury while working for (PIA), and that doctor Yin refused evaluate me to assess/treat my injuries. I showed Sargeant tyner my Light Duty Chrono (he stated I'm not even suppose to be back there)I showed him the inmate request returned to me from L.L.Schulties (AW-IMS)with documentation stating I was waiting for medical treatment specifically on (L)shoulder AC separation (L)hand

Sargeant Tyner sent me back to PIA to talk with my supervisor Mr.Avila I showed him all my documentation, he said "that wasn't right medical suppose to see inmates for job injuries when he calls, he said there has been a problem with this lately."

He asked me what was I going to do ? I said I can't leave I don't need a CDC 115 for refusing to work. Mr.Avila said stay in the back out of the way until we figure this out, your counselor is awhare of the problem and is looking into this matter.

I asked Mr.Avila if there was something I could do with (1) hand he said NO. I asked if there was a clerk possition or quality control available he said No.

5-13-05, I received a job change assignment: GAR-1.519 Sewing Machine OP.(PIA) upon my arrival 5-16-05, I notified my supervisor Mr.Avila that I am awaiting medical treatment, and working back here in this fast moving Industry, I would probably re-injure myself and that I want to work back here, but only after I get the medical treatment I have been waiting for. Mr.Avila said "go back to your unit" I asked him if I need to check in each morning, he said no if I need you I will call you. 5-19-05, my dorm officer informed me that my presents was requested in (PIA) upon my arrival Mr.Avila informed me that his supervisor Mrs.Green said I have to be working until I'm re-assigned. I asked Mr.Avila what if I go back to my unit, he said he would issue me a CDC 115 (RVR). So under DURESS, I'm Forced to work.

I reported my injury to my supervisor Mr.Avila, he called the medical clinic, twice, and was seen by custody regarding my job injury, my Employer, Custody, and Medical knew I had sustained an injury while working for Department of Corrections.

I was denied access to medical evaluation to assess my injuries from California Department Of Corrections, Medical Department here at California Correctional Institution.

B. ACTION REQUESTED CONT:

nothingmore than Deliberate Indeference, violates my Eighth Amendment to be free of cruel and unusual punishment. Doctor Yin knew my medical needs, as he told my supervisor Mr.Avila to call him back he needs to review my medical file, and told him theres nothing wrong with me, which constitutes nothingless than being CALLUS, and nothingmore than CRIMINAL NEGLECT...(2)..That California Department Of Corrections here at California Correctional Institution follow both State and Federal Rules Governing on the Job/Industrial related injuries. Pursuant To: Department Operational Manual (DOM).31020.7.5.,31020.7.5.1.(IDL).,31020.7.5.1.1.,31020.7.5.1.2. 31020.7.5.2.,31020.7.5.2.2.,31020.7.5.2.2.2.,31020.7.5.2.2.1.,31020.7.5.2.2.3., 31020.7.5.2.2.8.,(Medical Treatment), and California Code Of Regulations(CCR)Title 15, Sections 3350.(a)(1)(4)(5)....(3)..That PIA afford me with a job assignment in which I am able to do as to such times in that I have recovered from my injuries, and may return to my regular assigned job.....(4)...This Appeal shall be processed, pursuant to Penal Code 832.5 "Citizen's Complaint". I am requesting a copy of this Complaint and 602 be placed in Mrs.Green, Mr.Avila, and Doctor Yin's personel file as Mrs.Green, and Mr.Avila violated my Eighth Amendment to be free from cruel and unusual punishment, as well as CCR(15)3391."EMPLOYEE CONDUCT",3271.EMPLOYEE RESPONSIBILITY", and Doctor Yin violated my Eighth and Fourteenth Amendment, as well as CCR(15)3391."EMPLOYEE CONDUCT",3271"EMPLOYEE RESPONSIBILITY", which states in part:

Every employee regardless of his or her assignment is responsible for the safe custody of the inmates confined in the institutions of the department. 3350 (a)(1) (4) and (5)  Finally pursuant to CCR(15) 3084.1 RIGHT TO APPEAL: This writer request that NO REPRISALS NOR RETALIATORY ACTION be take towards him for utilizing the inmate appeal system pursuant to CCR(15)3084.1(d) RIGHT TO APPEAL.

EXHIBIT **B**

V-26175-Unit-1-CHU-112Low
California Correctional Institution
P.O.Box 107 STATE PRISON
Tehachapi, California. 93581

PRISON LAW OFFICE
Director: Donald Specter
GENERAL DELIVERY
SAN QUENTIN, CALIF.
        94964-0001

TO: Donald Specter,

        While working for Department Of Corrections, I experianced an on the job
injury that was reported to my supervisor Mr. Avila, my supervisor called medical
and Doctor Yin who was on duty, and working for California Correctional
Institution in Tehachapi State Prison refused to see me to evaluate and assess
what medical treatment/care was needed to alleviate the pain I was experiancing
with my injury.

        The injury happend in my assigned job area performing the task I was
assigned to do by my supervisor Mr. Avila In (PIA) Prison Industries Authority.
JOB NO. GAR-1.519 Sewing Machine OP.

        As you can see stated in my INMATE/PAROLEE 602 FORM, that my Employer,
Custody and the Medical Department all knew I had sustained an on the job injury
but no medical treatment/care was afforded to me violating my Eighth Amendment
to be free from cruel and unusual punishment, along with numerous State and
Federal Rules governing prisoner treatment.

        I am not asking your office to advise me or represent me, but only help
track this Appeal and see that it doesn't get lost in the shuffel.

Dated: 5-21-05

                                        Respectfully Submitted,

                                        Michael F. Mora V-26175