EXHIBIT C

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

# HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

## PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

*If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.*

REQUEST FOR:    MEDICAL ☑    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

| NAME | CDC NUMBER | HOUSING |
|------|-----------|---------|
| Mora, Michael | V-26175 | Unit-I-VWL-31Low |

PATIENT SIGNATURE

Follow-up Medical Care

DATE
9-20-05

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I am requesting for Doctor Yin, to make a request to custody to have me transfered to a medical facility, so I may receive the medical treatment in which (CCI) is unable and not equipt to adequately perform. I would also like him to request a second MRI, only this time request that they use the required dye.so they will be able to receive a true result of the MRI.Doctor Yin cares,but his hands are tied w/limitted resources. Thank You.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

## PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

EXHIBIT **D**

# CALIFORNIA CORRECTIONAL INSTITUTION

## INMATE APPEAL RESPONSE

RE: Appeal Log #

CCI-0-05-01525
Second Level Response

**MORA   V26175**

**APPEAL DECISION:**       PARTIALLY GRANTED

**APPEAL ISSUE:**          MEDICAL

In his appeal, the appellant states that he is dissatisfied with the First Level Response. He states none of his issues were addressed in the response received.

**Action Requested:**
The appellant requests effective medical care.

**Appeal Response:**
All submitted documentation and supporting arguments have been carefully reviewed and evaluated according to departmental policies and procedures.

At the informal level of this appeal, the Appeals Coordinator decided to "Bypass" and assigned the appeal as a First Level of Review.

At the First Level of Review, Dr. Yin, Staff Physician interviewed the appellant to allow him the opportunity to fully explain his appeal. The appeal was partially granted at this review. The appellant was informed he had been seen on several occasions regarding this medical issue (6/9 and 6/29/05 by a doctor; also, 6/2/05 by the clinic nurse) and received appropriate medical care. The light duty chrono was still active and he was ensured his work supervisor would accommodate his restrictions. Also, his request for copies to be placed in staff personnel files was denied as this appeal was processed as a medical issue and not a staff complaint; therefore, this request was beyond the scope of the appeals process.

M. Teel, Correctional Health Services Administrator interviewed the appellant on 9/23/05, for the Second Level of Review as the Health Care Manager's designee. The appellant was informed Dr. Yin would complete another referral for a repeat orthopedic consult and physical therapy if determined medically indicated. Therefore, the request for effective medical attention is **PARTIALLY GRANTED**, in that a repeat orthopedic consultation will be scheduled for determination of clinical need of physical therapy.

**APPEAL DECISION:**
Based on all available information and the requested action, this appeal is **PARTIALLY GRANTED**, at the Second Level of Review.

If dissatisfied, submit additional information or reasons for requesting a Director's Level of Review and mail to the Third Level within 15 days of receipt of this response.

*Mariana Teel CHSA*                    10 - 11 - 05

J. TATE, MD                            Date
Health Care Manager

EXHIBIT

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    **JAN 2 5 2006**

In re:    Mora, V-26175
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0504549          Local Log No.: CCI 05-1525

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I.   All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on May 19, 2005, while he was working for the Prison Industry Authority (PIA) at California Correctional Institution (CCI), he notified his supervisor that he was experiencing burning, popping, and pain in his shoulder as well as burning, cramping, swelling, and numbness in his left hand.  The appellant says that his supervisor, Mr. Avila, called the clinic twice and was told that Dr. Yin refused to treat the appellant's injuries saying that nothing is wrong with him.  The appellant requests to receive effective medical care and treatment, that CCI follow both State and federal rules governing job related injuries, that PIA afford the appellant a job assignment in which he is able to until he recovers from his injuries, and that this appeal be processed as a Staff Complaint.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was informed that he had been seen on several occasions regarding this medical issue (June 2, 9, and 29, 2005) and received appropriate medical care.  The light duty chrono was still active and the appellant was ensured his work supervisor would accommodate his restrictions.  The appellant's request for copies to be placed in staff personnel files was denied as this appeal was processed as a medical issue and not a staff complaint.  M. Teel, Correctional Health Services Administrator, interviewed the appellant on September 23, 2005.  The appellant was informed that Dr. Yin would complete another referral for a repeat orthopedic consult and physical therapy if determined to be medically indicated.  The appellant's request for effective medical attention is partially granted.  The appeal is granted in part at the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is granted in part.

A.  **FINDINGS:**  The Director's Level of Review (DLR) the appellant states that he is partially satisfied although CCI did not address all his issues.  He says he is alright with not addressing the staff complaint concerns.  He says the medical department at CCI did see him 21 days after he re-injured his left shoulder.  The appellant states that he is concerned that a repeat orthopedic consultation is supposed to take place and what if nothing happens again.

On January 24, 2006, the examiner contacted the Medical Appeals Analyst at CCI, L. Bluford, to inquire as to the appellant's orthopedic referral. It was learned that the referral had not been made. Ms. Bluford stated that she would submit a referral and deem it emergent so the appellant would receive an orthopedic consultation.  However, to ensure the orthopedic appointment does take place, medical staff at CCI shall inform the DLR when the appellant receives his appointment.

B.  **BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3350, 3350.2, 3354

C.  **ORDER:**  The CCI medical staff shall ensure the appellant receives an orthopedic consultation in an expeditious manner and will notify the DLR when the appointment takes place.

This issue was discussed with the office of the Chief Deputy Warden and the Health Care Manager via telephone and facsimile.

MORA, V-26175
CASE NO. 0504549
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, CCI
        Health Care Manager, CCI
        Appeals Coordinator, CCI
        Medical Appeals Analyst, CCI

Michael Mora V-26175
Unit-1-VWL-31Low
CCI, P.O.Box  107
Tehachapi, CA. 93581

Director of Corrections
P.O.Box 942883
Sacramento, CA. 94283-0001
ATTN: Chief, Inmate Appeals

H. Requesting Directors Level Review                 RE: Appeal Log Number:
                                                         CCI-0-05-01525

    I am Partially Satisfied, with Second Level Response, although CCI did
not address all my issues, I am alright with not addressing the Staff Complaint,
and yes the Medical Department here at CCI did see me 21 Days after I had re-
injured my left shoulder. So I am only asking for the Directors Level to address
my medical concerns since that is all that I am worried about myself.

    The part that concerns me in my Second Level Response is that a repeat
Orthopedic Consultaion is taking place and what if CCI, decides to nothing that
the Orthopedic request, like they did the first time, as CCI let the action go
11 months past due and expire.

    As CDCs, Director Level Response, on CCIs Appeal Log # CCI-04-02090 by
Chief of Inmate Appeals, N. Grannis denied my Appeal March 21, 2005. That at
CCIs First Level 9-21-04 Partially Granted which stated " you will be refered
bach to doctor for evaluation of shoulder, possible refural to orthopedic, by
Doctor Hirsch. Second Level, Partially Granted, 11-23-04, treatment is ongoing
for shoulder. Directors Level: Appeal is denied, March 21, 2005.(A) Findings
treatment is ongoing for his shoulder, and on October 14, 2004 he was refured
to an orthopedist. (G) Order: no change or modifications are required by the
institution.

    So as you can see I am have a great concern at stake here as I do not wish
to see a repeat of my First Appeals , As I have already exhausted one Appeal on
my Left Shoulder. Whare I received an MRI, although it was not done correctly,
then I seen the Orthopedist VIA Teli Med. Doctor Tanji wrote an order for me to
obtain treatment only to have CCI, show a total disregard for it. Now I am on
my Second Appeal for my Left Shoulder asking for the same treatment in which I
was asking for in my First Appeal.
DATED: October 18, 2005

                                        Respectfully Submitted,

                                        _Michael Mora_
                                        Michael Mora V-26175/Inmate

EXHIBIT **F**

6  2473

# CALIFORNIA STATE PRISON - CORCORAN
## ACUTE CARE HOSPITAL



**DATE:**          February 23, 2006

NOV 1 7 2006

CCI MEDICAL APPEALS

Mr. Mora was referred for his left shoulder and also apparently has carpal tunnel syndrome on the left side. He has had surgery in his right shoulder in 2001. He states that was a work comp injury and that his left shoulder is also a work comp injury. An MRI scan report of the shoulder shows he has bursitis and impingement. This is consistent with his physical examination. He has markedly positive impingement sign and has crepitus with range of motion of the shoulder. He also has decreased sensation in the median nerve distribution on the left side. He states he does have carpal tunnel syndrome. I do not see an EMG report. He will need left shoulder arthroscopy, in my opinion, and I put in a request for this. He will probably also need carpal tunnel release surgery as well, but I do not yet have the EMG results. We will get him set up for the left shoulder arthroscopy in the mean time.

David G. Smith, M.D.
Diplomate American Board of Orthopaedic Surgery

DGS/gob
D 2/23/06 R:T: 2/24/06
ORIG.    Unit Health Record
         Jan OR
         UM RN CCI

CCI - TEHACHAPI
APPEALS OFFICE
2006 NOV -9 AM 7:34

**ORTHOPAEDIC CLINIC**          NAME:  MORA, MICHAEL
                               CDC#:  ____175 - CCI

correct
Spelling?

yes

EXHIBIT 

# Memorandum

Date  :  April 10, 2006

RECEIVED
APR 17 2006
By_____

To  :  Jonathan L. Wolff
Supervising Deputy Attorney General
State of California Department of Justice

Subject:   **PRISON LAW OFFICE REQUESTS FOR REVIEW OF** *PLATA* **INMATE CONCERNS RELATING TO INMATE MICHAEL MORA, V-26175**

Pursuant to the Stipulation For Injunctive Relief agreed to in re *Plata v. Schwarzenegger*, the Health Care Manager at California Correctional Institution (CCI) has provided the following information in response to the questions asked by Steve Fama of the Prison Law Office.

1. Is Mr. Mora scheduled for an orthopedic consult? If so, when? If not, please explain the lengthy delay.

   *Mr. Mora has been fully examined and evaluated by Dr. Orson Anderson on April 6, 2006. The purpose of his examination was to determine the medical necessity for an orthopedic consultation and physical therapy. An MRI of the left shoulder was completed on September 20, 2004. It revealed no evidence of a rotator cuff or tendon tear. That MRI was consistent with tendinosis and bursitis.*

   *Mr. Mora's physical examination reveals Olympic weightlifter muscle size in the biceps, triceps, forearm, and shoulder girdles bilaterally. He was uncooperative with muscle strength and range of motion testing. Overall, he appears to have no muscle or skeletal problems of any sort. A specialty referral appears to be medically unnecessary.*

2. Please describe Mr. Mora's health care and pain management plan as it relates to his shoulder injury and pain.

   *Mr. Mora appears to have no significant shoulder injury. If he has pain, he may scheduled routine clinical visits through the medical appointment system and it is not anticipated that he will require more than Nsaids for muscle soreness due to exercise.*

Thank you for your assistance in this matter. Please do not hesitate to contact me at (916) 327-1205, if you have any questions.

*Wendy Reickte, MSPH*  ?/

VICKI O'SHAUGHNESSY
Staff Services Manager II
Clinical Operations Support Section
Division of Correctional Health Care Services

cc:   Jessica Devencenzi, Staff Counsel, Legal Affairs Division
     Steve Fama, Prison Law Office
     Harold Tate, M.D., Health Care Manager, CCI
     Medical Appeals Analyst, CCI

EXHIBIT _H_



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

4/27/2006

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult. I spoke with Dr. Win and acting HCM, Mariana Teal, about your concern at a telephone conference on 4/21/2006. Please see the enclosed memo for further information that was provided to us.

Dr. Win and acting HCM, Mariana Teal, said that they reviewed your 2/23 consult report from Dr. Smith. Dr. Win reported to us that Dr. Smith recommended left shoulder arthroscopy and noted that you suffer from carpal tunnel syndrome. Dr. Win explained to us that during your 4/6/2006 appointment with Dr. Anderson, he determined that your condition was not urgent, but rather routine and that your surgery can be considered an elective process. Dr. Winn informed us that you will be referred back to the orthopedist on a routine basis in May to carry out the arthroscopy procedure.

I also received your letter on 4/12/2006. I am sorry to hear that your experience with Dr. Anderson was an unpleasant one. Please understand that because we are an office of lawyers, not doctors, we are unable to challenge Dr. Anderson's professional medical opinion. It is my hope, though, that you will receive the procedure sometime in May, as we have been informed by Dr. Win.

If you have specific information or documents showing that the information told to us by prison officials is not correct, please contact us. Unless there is such information, we cannot take further action regarding your particular medical care concern, and we may not be able to take further action in any event, depending on the nature of your medical concern. We advise you to continue using the "sick call" process to bring your concerns to the attention of medical staff. If your concern is not resolved by medical staff, you should file and pursue a 602 administrative appeal unless you have already received a Director's Level response to an appeal. You can send this office any newly exhausted medical appeal (602 with Director's Level response).

Board of Directors
Marshall Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts



# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

Sincerely,

Allie Horevitz
Litigation Assistant under Steven Fama

Enclosures:  CDC faxed Memo;

Board of Directors
Marshall Krause, President  •  Michele WalkinHawk, Vice President
Honorable John Burton  •  Penelope Cooper  •  Felecia Gaston  •  Christiane Hipps  •  Margaret Johns
Cesar Lagleva  •  Laura Magnani  •  Michael Marcum  •  Ruth Morgan  •  Dennis Roberts

EXHIBIT **I**

Patient: Mora, Michael                                                    page 3
I.D.#: 107319                          Test Date: 05/19/06

## Summary/Interpretation:

1. Right Median sensory distal latencies are prolonged.. The amplitudes of the sensory nerve action potential are reduced. Left Median sensory test is normal.

2. Bilateral Ulnar sensory distal latencies are normal. The amplitudes of the sensory nerve action potential are normal.

3. Right Median motor distal latencies are reduced.. The amplitudes of the compound motor action potential recorded from the Abductor Pollicis Brevis are reduced. The conduction velocity across the forearm are normal. The left Median motor nerve test is normal.

4. Bilateral Ulnar motor distal latencies are normal. The amplitudes of the compound motor action potential recorded from the Abductor Digiti Minimi are normal. The conduction velocities across the forearm, elbow and upper arm are normal.

5. Bilateral Median and Ulnar F-wave latencies are normal.

## CONCLUSION:

1. EMG studies are suggested devervation changes at left C6-7 vs Radial motor radiculopathy. 2. Right Carpal Tunnel Syndrome , mild to moderate severity.

2. Normal NCS at left Median and Ulnar.

J. Lin, MD.
Neurologist

**Kern County Neurological**
**Medical Group**
**Bakersfield, CA**
**(661) 322-3008**

Patient: Mora, Michael
Sex: Male
Age: 42
Height: 66 inches
Weight: 205 lbs
I.D.#: 107319
Ref. M.D.: CCD

Address:
Address:
City:
State:
ZIP:
Phone:
Physician: Dr. Jian Lin, M.D.
Test Date: 05/19/06

### History/Comments:

Pain of left arm

### Motor Nerve Study

**Median Nerve**
**Rec Site: APB**

| Stim Site | Lat (ms) L | R | Dur (ms) L | R | Amp (mV) L | R | Area (mVms) L | R | Dist (mm) L | R | C.V. (m/s) L | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wrist | 4.0 | 4.8 | 6.2 | 5.3 | 7.3 | 2.9 | 24.5 | 7.5 | | | | |
| Elbow | 8.5 | 8.6 | 6.3 | 5.4 | 6.4 | 2.3 | 24.3 | 6.8 | 230 | 210 | 51.1 | 56.0 |
| Axilla | 10.3 | 10.6 | 6.5 | 5.7 | 6.3 | 2.6 | 24.4 | 7.4 | 100 | 110 | 54.5 | 55.0 |

**Ulnar Nerve**
**Rec Site: ADM**

| Stim Site | Lat (ms) L | R | Dur (ms) L | R | Amp (mV) L | R | Area (mVms) L | R | Dist (mm) L | R | C.V. (m/s) L | R |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Wrist | 3.1 | 3.0 | 4.6 | 4.8 | 6.8 | 6.3 | 19.6 | 19.1 | | | | |
| B.Elbow | 6.9 | 7.2 | 5.4 | 5.1 | 5.8 | 5.4 | 18.4 | 16.2 | 200 | 220 | 52.2 | 52.8 |
| A.Elbow | 9.8 | 9.5 | 5.2 | 5.5 | 5.4 | 5.9 | 17.0 | 17.7 | 150 | 120 | 52.9 | 51.4 |

### Sensory Nerve Study

**Median Nerve**
**Rec Site: Wrist**

| Stim Site | Lat (ms) L | R | Pk Lat (ms) L | R | Amp (uV) L | R | Dist (mm) L | R | C.V. (m/s) L | R |
|---|---|---|---|---|---|---|---|---|---|---|
| Index | 3.5 | 4.1 | 4.5 | 4.1 | 20.7 | 3.0 | | | | |

**Ulnar Nerve**
**Rec Site: Wrist**

| Stim Site | Lat (ms) L | R | Pk Lat (ms) L | R | Amp (uV) L | R | Dist (mm) L | R | C.V. (m/s) L | R |
|---|---|---|---|---|---|---|---|---|---|---|
| 5th dig | 2.8 | 2.8 | 3.5 | 3.4 | 22.3 | 23.3 | | | | |

Patient: Mora, Michael                                                      page 2
I.D.#: 107319                          Test Date: 05/19/06

## F-Wave Study

**Median Nerve**
Rec Site: APB
Stim Site: Wrist

|  | Latency ms | | Amplitude mV | |
|---|---|---|---|---|
|  | L | R | L | R |
| M wave | 4.25 | 4.33 | | |
| F wave | 29.25 | 30.00 | | |
| F-M | 25.00 | 25.67 | | |

**Ulnar Nerve**
Rec Site: ADM
Stim Site: Wrist

|  | Latency ms | | Amplitude mV | |
|---|---|---|---|---|
|  | L | R | L | R |
| M wave | 1.33 | 1.75 | | |
| F wave | 30.00 | 28.83 | | |
| F-M | 28.67 | 27.08 | | |

## EMG Study

| Name | 7Ins | Act Fibs | PSW | Fascics | Polyph | MU Amp | MU Dur | Config | Pattern | Recruit |
|---|---|---|---|---|---|---|---|---|---|---|
| L. Deltoid | norm | none | none | none | none | norm | norm | norm | norm | norm |
| L. Triceps | norm | none | none | none | none | norm | norm | norm | norm | norm |
| L. Biceps Brachi. | norm | none | none | none | inc+ | norm | norm | norm | norm | norm |
| L. Ext.Dig.Com | norm | none | none | none | none | norm | norm | norm | norm | dec |
| L. Abd.Pol.Br. | norm | none | none | none | none | norm | norm | norm | norm | norm |
| L. Dors.Int.1 | norm | none | none | none | none | norm | norm | norm | norm | norm |
| L. Paraspinals | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Deltoid | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Triceps | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Biceps Brachi. | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Ext.Dig.Com | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Abd.Pol.Br. | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Dors.Int.1 | norm | none | none | none | none | norm | norm | norm | norm | norm |
| R. Paraspinals | norm | none | none | none | none | norm | norm | norm | norm | norm |

EXHIBIT **J**

NOV 1 7 2006

CCI MEDICAL APPEALS

6  2473

CORCORAN DISTRICT HOSPITAL
1310 HANNA AVENUE
CORCORAN, CALIFORNIA 93212
Telephone/559-992-5051  -  Fax\559-992-3972

## OPERATIVE REPORT

PATIENT:  MORA, MICHAEL
#V26175
DATE OF SURGERY:  05/25/06

OPERATING SURGEON:        DAVID G. SMITH, M.D.

ANESTHESIA:               General
COMPLICATIONS:            None

PREOPERATIVE DIAGNOSIS:
Internal derangement, left shoulder, with evidence of persistent
impingement syndrome.

POSTOPERATIVE DIAGNOSIS:
Internal derangement, left shoulder, with evidence of persistent
impingement syndrome.

OPERATION PERFORMED:
1.  Arthroscopy, left shoulder.
2.  Repair of SLAP lesion, left shoulder.
3.  Subacromial decompression, left shoulder.
4.  Partial excision of distal clavicle.

PROCEDURE:
The patient was brought to the operating room and satisfactory
anesthesia was established.  He was placed in the right lateral
decubitus position.    All bony prominences were padded
appropriately.  The left shoulder and arm were sterilely prepped
with Betadine solution and draped in the usual fashion.  10 pounds
of traction were applied to the left arm in the usual manner.
Standard arthroscopic portals were created after infiltration with
Marcaine and epinephrine.  The arthroscope was inserted from the
posterior portal and inspection was carried out of the
glenohumeral joint.                (towards the front )

There was labral detachment anteriorly as well as superiorly.  The
biceps tendon was intact.  There was some fraying of the rotator
cuff.  The cuff appeared to be intact from the articular side,
however.  No full-thickness tears were noted.  There was some mild
chondromalacia on the glenoid.  The glenoid rim was roughened and
a single Suretac was then placed in the anterior labrum to repair
the labrum, and this tightened up the biceps anchor considerably.
I did not feel another tack was necessary for the superior labrum
as there was no significant superior labral detachment.

NOV 1 7 2006    6  2473

CCI MEDICAL APPEALS

CORCORAN DISTRICT HOSPITAL
OPERATIVE REPORT - PAGE 2

PATIENT: MORA, MICHAEL
#V26175
DATE OF SURGERY:  05/25/06

The arthroscope was removed and reinserted into the subacromial space which was noted to be very narrow and there was considerable subacromial bursitis.   A subacromial bursectomy was carried out from the lateral portal and soft tissue was cleared from the undersurface of the acromion including resection of the coracoacromial ligament.   Anterior acromioplasty was then performed in the usual manner with a bur.   The arthroscope was inserted from the lateral portal to ensure that the anterior lip of the acromion had been adequately decompressed.   There was prominence of the distal clavicle and the undersurface of the distal clavicle was coplaned.   The rotator cuff was inspected. There was some mild fraying of the cuff but no deep partial-thickness or full-thickness tears were noted.   The subacromial space was irrigated thoroughly and the arthroscope was removed.

The incisions were sutured with 4-0 nylon.   Marcaine with epinephrine was instilled into the joint as well as the subacromial space.   Betadine ointment, Adaptic, and sterile dressings were applied followed by an arm sling.

He was transferred to the recovery room in satisfactory condition. There were no complications.  He tolerated the procedure well.

DAVID G. SMITH, M.D.

DGS/MST:db
D 05/25/06
T 05/25/06
(#544361)

CCI - TEHACHAPI
APPEALS OFFICE
2006 NOV 19  AM 7: 34

EXHIBIT **K**

JOHN RADIOLOGY MEDICAL GROUP, INC.
2301 Bahamas Drive
Bakersfield, CA  93309
(661) 322-1981

TEHACHAPI STATE PRISON
FAX (661) 822-8586

PATIENT: MORA, MICHAEL          DOB:          CDC#: V26175
HOUSING #:

INTERPRETATION OF OUTSIDE FILMS: MRI OF THE CERVICAL SPINE WITHOUT CONTRAST:
07/17/2006

TECHNIQUE:  Multiplanar images were obtained without intravenous contrast utilizing a series of
customized pulse sequences.  T1 and T2 weighted sagittal sequences were obtained, followed by a T2
weighted axial sequence.  The area studied in sagittal plane was from C1 through T1 and in axial plane from
inferior end plate of C2 through mid T2.

FINDINGS:  Discs C2-3 and C3-4 each show normal posterior contour, without evidence of significant
posterior protrusion.  The central canal and neural foramina are satisfactorily maintained at each of these
levels.

Mild circumferential bulging of the C4-5 disc is demonstrated.  This is seen as a mild broad based anterior
impression on the thecal sac without distortion of cord shape.  The C4-5 disc shows associated decrease in
signal intensity and a mild decrease in vertical height.  Mild bilateral foraminal stenosis by facet arthropathy is
shown.

Circumferential bulging of the C5-6 disc is demonstrated.  This is seen as a broad based anterior impression of
the thecal sac without distortion of cord shape.  The C5-6 disc shows associated decreased signal intensity and
decreased vertical height.  Bilateral foraminal stenosis by uncovertebral and facet osteophytosis is shown.

A right posterior focal protrusion of the C6-7 disc is demonstrated.  This is seen as a discrete right posterior
focal deformity of this disc with a discrete right anterior impression on the thecal sac as well as a mild right
anterior impression on the cord itself.  The mass effect measures approximately 3-4 mm.  The C6-7 disc shows
associated decreased signal intensity and decreased vertical height.  The neural foramina are satisfactorily
maintained bilaterally.

The C7-T1 disc shows normal posterior contour, without evidence of significant posterior protrusion.  The
central canal and neural foramina are satisfactorily maintained.

Mild circumferential bulging of the T1-2 disc is demonstrated, seen posteriorly as a mild broad based anterior
impression on the thecal sac.  The T1-2 disc shows associated decreased signal intensity and decreased vertical
height.  The neural foramina are satisfactorily maintained bilaterally.

The vertebral bodies are normal in height and signal intensity.  The cervical cord above and below the C6-7
level is normal in caliber and appearance, centered within the central canal.

IMPRESSION:
1. Right posterior focal protrusion of the C6-7 disc with associated mild distortion of cord shape as
described above.
2. Circumferential bulging of the C5-6 disc.  Associated bilateral foraminal stenosis is shown.
3. Mild circumferential bulging of the C4-5 disc.  Associated bilateral foraminal stenosis is shown.
4. Mild circumferential bulging of the T1-2 disc.

J. Norman Liu, M.D.
Referring Physician:  YIN                    D: 07/25/2006  T: 07/25/2006/asa

EXHIBIT *L*

**WARRANT EMERGENCY PROCESSING**
**IN ACCORDANCE WITH CCR**
**INMATE PART-E SECT. 3084.7 (a) (1)**
**APPEAL FORM**
CDC 602 (12/87)

NOV 1 7 2006

Location: Institution/Parole Region: CCI   1. ○○○ No. **6 6 2473**   2. Category ___

COORDINATOR APPEALS
Diagnose Tests
Treatment

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   Michale ①

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| ~~Michael~~ ② Mora | V26175 | Medically Unassigned A1/A | Unit-1-VWL-31L |

A. Describe Problem: 8-30-06, I was seen in the Unit-1-Facility Medical Clinic, for severe pain in (L)Shoulder & cramping, shappe pain w/shocking sensation of the Neck. Nurse Brown stated Mr.Mora, I just seen you last week, and you were seen the week before. I explained the pain medication wasn't working & that I have been waking up several times through out the night w/sharpe pains, cramping & a shocking sensation. She inquired about what Dr.Yin said about these problems. Dr.Yin stated he would monitor them, but thats all he's said for my past 3-4 visits & that he made referrals w/Dr.Pinada. at Kern County Neuroloical Medical Group, Dr.Smith to follow up with the surgery progress & to therapy. (see attached sheet)

If you need more space, attach one additional sheet.

B. Action Requested: I respectfully request that the referrals issued by Dr.Yin be honored & authorized & expedited in a more than routine manner, that great time laps has already occured, in that the Medical Department here at CCI has denied and/or delayed the process for me to gain access to Medical. I request that I be seen by Dr.Smith (see attached sheet)

Inmate/Parolee Signature: _[signature]_   Date Submitted: 8-31-06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: _____

CCI TEHACHAPI
APPEALS OFFICE
2006 SEP -5 PM 2: 47

CCI TEHACHAPI
APPEALS OFFICE
2006 NOV -7 AM 7: 34

INMATE APPEALS
BRANCH
MAR -6 2007
RECEIVED

**6 2473**

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: SEP 1 2 2006    Due Date: OCT 1 8 2006

Interviewed by: Dr. Yin, Staff Physician on 10/13/06 in person. Prior to the interview, a review of the appellant's medical file was done. Based upon the review/exam, he was ordered Modafinil & RFS done for audiology consult for hearing aid evaluation. Also, he is awaiting a retinology (ortho) consult. Denied requests for pain meds, MRI, PT. Granted request for no reprisal & partially granted requests to see specialists.

Staff Signature: h. Bluford h. Bluford, SSN(B)    Title: Appeals Analyst    Date Completed: 10/29/06

Division Head Approved:
Signature: Mariann By Hall, RN    Title: Chief Dental Office    Date Returned to Inmate: 10/27/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Appellant request pain medication that is environmentally friendly to his body as he is HEP-C positive. There was suppose to be an Ortho follow-up 2 weeks after sergury, its been more that 5 months. The pain is still sharpe & severe in my neck & shoulder. Medical Appeals Analyst Bluford is attempting to add treatment the doctor order that is not addressed in this appeal ! Audiologist

Signature: Michael __    Date Submitted: 11-02-06

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 11-15-06    Due Date: 12-12-06
☑ See Attached Letter

Signature: ___    Date Completed: 2/16/07

Warden/Superintendent Signature: Harold Foote MP    H. Foote, MD/CMO    Date Returned to Inmate: 2-16-07

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

See Attached

Signature: Michael __    Date Submitted: 2-27-07

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other
☑ See Attached Letter

Date: MAY 0 9 2007

CDC 602 (12/87)

NOV 1 7 2006    6  2473

CCI MEDICAL APPEALS

A. Describe Problem Cont:

but they have to be authorized by the Health Care Manager (HCM). Nurse Brown stated that is correct, there is nothing more she could do for me and that she can't get me in any sooner than 9-14-06, the dated of my next appointment.

Both Dr.Yin and Nurse Brown told me early in recovery from surgery, that I must start moving my shoulder or it will fuse together and my mobility would be limited. But when I inquired about what they found during the surgery, they stated there was no operative report and believed that I had arthroscopy for bursitis as initially scheduled for. But this clearly was not the case, there was a labral detachment both ~~anteriorly~~ and superiorly, a suretac was placed in the anterior labrum to repair the labrum, and the rotator cuff was frayed in the articular and subacromial areas.

The cramping and sharpe pain w/shocking sensation of the neck appeared shortly after I received the nerve conduction study and apparently brought to surface an overlooked injury, that became more intensified after surgery. Since then I have received an MRI on my neck and a referral has been made for me to see Dr.Pinada at Kern County Neurological Medical Group. Because of the Health Care Managers decision to remove effective medication from the Unit-1-Facility, I have had to endure severe and at times intensified severely sharpe pains and cramping. Health Care Manager, Harold Tate,M.D., knew or should have known by implementing a policy that restricts and deny's a patient to Health Care Access that would releave intense pain, when motrin and tylonal are proven to be ineffective as a sourse of pain management, would violate the patients 8th Amendment to be from cruel and unusual punishment, where such treatment and medication is available to other patients at other institutions.

B. Action Requested Cont:

for a follow up to be reevaluated to see if I suffered any set backs in recovery, due to the medical staff here at CCI misinforming, assuming and/or their interpretation of what took place without an operative report. If this can not be done without the assistance of an additional MRI, then this procedure must be completed. To be seen by Dr.Pinada at the Kern County Neurological Medical Group, in reference to the MRI performed on my neck area as requested by Dr.Pinada. And to start therapy on my shoulder, that the therapist be supplied w/a copy of the operative report, so they may adequately address and render such appropriate services.

Finally, pursuant to CCR(15)3084.1 "RIGHT TO APPEAL", this writer respectfully request that no reprisal nor retaliatory action be taken towards this writer for utilizing the inmate appeals system, pursuant to CCR(15)3084.1.(d)."RIGHT TO APPEAL". Appellant respectfully request that the medical department perscribe adequate effective pain medication that does not interfear with my ADA Disabilities, being Narcolepsy and Sleep Apnea.

2006 NOV -9 AM 7: 34
CCI - TEHACHAPI
APPEALS OFFICE

EXHIBIT 



# PRISON LAW OFFICE

General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

9/22/2006

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora:

I write to inform you that based on your letter received on 9/8/2006 we will be re-opening your file. We will discuss your medical care and health concerns at our next scheduled HCM conference call. We will contact you again once the call has taken place. We have submitted the following questions to the Attorney General's Office:

Mr. Mora writes that he has been ordered physical therapy for his shoulder post-surgery, but has not receive it. He also writes that he has severe pain in his neck and shoulder that is not being addressed.

1) Has Mr. Mora been ordered physical therapy? If so, is he receiving the physical therapy? If not, please explain.

2) What is Mr. Mora's pain management plan?

Please keep us updated on your medical condition. I have enclosed self addressed stamped envelope for your convenience.

I wish you the best and take care.

Sincerely,

Sheena Johnson
Litigation Assistant under Alison Hardy

Enclosures: SASE;

Board of Directors
Marshall Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

EXHIBIT *N*



**PRISON LAW OFFICE**
General Delivery, San Quentin, CA 94964-0001
Telephone: (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

11/28/2006

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult. I spoke with Dr. Tate about your concern at a telephone conference on 11/22/2006.

Dr. Tate said that you were ordered for tylenol twice a day as needed on 11/16, following a fall on the yard. He said that this prescription has not yet been administered, as it was ordered "as needed" and you need to request it in order to receive it. He also said that a request for services with orthopedics was placed on 8/15 about your shin pain and you had this appointment on 10/24. The orthopedics report stated you had a 2.5 out of 10 pain and did not make further treatment recommendations.

Dr. Tate said that you had an appointment with neurology on 11/17 for chronic neck pain, and that you were prescribed neurontin for one week along with physical therapy and occupational therapy for four weeks. He explained, however, that neurontin would be ineffective in your case, and that this order was therefore cancelled.

Dr. Tate said that on 11/16, new filters and other necessary supplies were ordered for your C-Pap machine, and that you will have a follow-up appointment in mid-December in regards to this issue. He said that the first sleep study confirmed obstructive sleep apnea, and that after the second study, the settings on your machine were adjusted. He said that he would look into whether or not you require a new machine, but that at this time he does not want to prescribe medication due to the risk of increasing your blood pressure.

I also write in response to your letter which we received on 11/8/06. In the letter, you state that RN Teel provided us with incorrect information during our previous HCM Call. You also state that you are having problems with your C-Pap machine. I apologize for the incorrect information we were given in our previous letter and I hope that this letter clarifies those issues. I also hope that the adjustments made to your machine have helped and that you are able to work with CCI medical staff in order to address your sleep apnea.

Board of Directors
Penelope Cooper, President • Michele Walkin Hawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

Since there are issues that are still unresolved, I intend to discuss your case with the Health Care Manager at CCI again during our next scheduled call on 12/15/06. I will contact you again once I receive further information. I would appreciate it if you would keep me updated regarding any treatment or pending treatment you receive. I am enclosing a postage-prepaid envelope for your convenience.

Sincerely,

Sam Weiner
Litigation Assistant under Brittany Glidden

Enclosures: SASE;

EXHIBIT **O**



**PRISON LAW OFFICE**

General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

2/7/2007

Michael F. Mora, V-26175
CCI
PO Box 1902
Tehachapi, CA 93581

Dear Mr. Mora,

 As you know, we wrote to the Attorney General on 3/22/2006 under procedures set forth in the *Plata* Stipulation to request further information about your orthopedic consult.  I spoke with Dr. Tate about your concern at a telephone conference on 2/2/2007.  ~~Please see the enclosed memo for further information that was provided to us.~~

 Dr. Tate said that you saw the orthopedist on 1/24. He said that the orthopedist recommended that you see another doctor who ordered you to have a nerve conduction study completed. He said the results of the nerve conduction showed that you have tendonitis of the wrist. He explained that it was recommended that you have carpal tunnel surgery. Dr. Tate informed us that your case was discussed at the general practitioners' staff meeting at CCI and it was decided that you did not require surgery. He said that you will be ordered to not to have a job that requires you to do repetitive hand movements.

 I also write in response to your letter received 1/31. In your letter you write that you had an appointment on 1/25 with the orthopedist. You write that you were ordered to have a "carpal tunnel release" to relieve the pain in your shoulder. We discussed this with Dr.Tate and he explained that the issue of you requiring carpal tunnel surgery is unrelated to your shoulder. He said there was no note about your shoulder. In your letter you write that you are not receiving your pain medication and that you have not received physical therapy. On the issue of your pain medications, I suggest you file a 602 and sick call slip on that issue. On the issue of your physical therapy appointments, attached you will find progress notes from your physical therapy appointments on 9/6/06, 9/19/06, 9/28/06 and 10/24/06.

 Lastly, you write about continued issues you have with your C-Pap machine, an appeal you filed on un-healthy living conditions, and the follow-up ordered at your orthopedist appointment. Unfortunately because these are new issues (not addressed in the exhausted appeal you sent us on 1/25/06) or not presently urgent issues you will need file 602s on these issues. If you exhaust your administrative remedies you may send us a copy of your DLR and we will determine if we may be able to assist you.

 If you have specific information or documents showing that the information told to us by prison officials is not correct, please contact us. Unless there is such information, we cannot take further action regarding your particular medical care concern, and we may not be able to take further action in any

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christiane Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

event, depending on the nature of your medical concern.  We advise you to continue using the "sick call" process to bring your concerns to the attention of medical staff.  If your concern is not resolved by medical staff, you should file and pursue a 602 administrative appeal unless you have already received a Director's Level response to an appeal.  You can send this office any newly exhausted medical appeal (602 with Director's Level response).

I wish you the best.

Sincerely,

Sheena Johnson
Litigation Assistant under Brittany Glidden

Enclosures:   ~~CDC faxed Memo;~~ PT RFSs

EXHIBIT ?

# CALIFORNIA CORRECTIONAL INSTITUTION

## INMATE APPEAL RESPONSE

RE:  Appeal Log #

CCI-0-06-02473
Second Level Response

**MORA    V26175**

**APPEAL DECISION:**        PARTIALLY GRANTED

**APPEAL ISSUE:**        MEDICAL

In his appeal, the appellant states that he is dissatisfied with the First Level Response. He states he requested pain medication that is friendly to his body as he has Hepatitis. Also, there was supposed to be an orthopedic follow-up that has not been done.

### Action Requested:

The appellant requests referrals expedited, see Dr. Smith for follow-up, an MRI, physical therapy, and a neurology follow-up.

### Appeal Response:

All submitted documentation and supporting arguments have been carefully reviewed and evaluated according to departmental policies and procedures.

At the informal level of this appeal, the Appeals Coordinator decided to "Bypass" and assigned the appeal as a First Level of Review.

At the First Level of Review, Dr. Yin, Staff Physician interviewed the appellant and allowed him the opportunity to fully explain his appeal on 10/16/06. Prior to the interview, a review of the appellant's medical file was done. Based upon the review and examination, he was ordered Modafinil and a Request for Services was completed for an audiology consultation for a hearing aid evaluation. He is awaiting scheduling of his orthopedic and neurology consultations. The requests for physical therapy, an MRI, and pain medication were all denied. He was granted his request for no reprisal and partially granted his requests to see the specialists.

For the Second Level of Review, the Health Care Manager's designee conducted a comprehensive review of the appellant's medical file and this appeal. The review revealed the appellant was seen by Dr. Lewis, Orthopedist on 1/24/07. An evaluation of his neck and shoulder were done. The shoulder had no need for medical intervention. The results of the neck examination indicated the appellant's pain was possible related to carpal tunnel. It was recommended that carpal tunnel release surgery be done on his neck. However, upon review of the request by the MAR Committee the surgery was denied. There is no medical indication for physical therapy, an MRI, or a neurology follow-up. The request to see Dr. Smith, Orthopedist for follow-up was **DENIED**, as inmates do not determine which licensed physician will provide their medical care. The requests for an MRI, physical therapy, and a neurology follow-up were all **DENIED**. The request to expedite his referrals is **PARTIALLY GRANTED**, as he has been seen by the orthopedist and the other referral will be done within the proper timeframe. He was **GRANTED** his request for no reprisal for filing this appeal.

## APPEAL DECISION:

Based on all available information and the requested action, this appeal is **PARTIALLY GRANTED**, at the Second Level of Review.

If dissatisfied, submit additional information or reasons for requesting a Director's Level of Review and mail to the Third Level within 15 days of receipt of this response.

*Harold Tatum*                2-16-07
**H. TATE, MD**                Date
Chief Medical Officer

EXHIBIT Q



*Kern County*

# GRAND JURY

2006 - 2007

JOHN C. MAINLAND
Foreman

Doris A. Duquette

Robert J. Gardiner

Peter Gramico

Stanley W. Haymaker

Bridget R. Heath

Donna M. Jackson

Richard Macy

Michael S. McCarthy

Bill R. McDonile

Lois C. Miller

Dennis H. Mitchell

Bill J. Pilkington

Guy F. Porter

Bonnie M. Ramsdell

Ruth A. Richardson

Lawrence J. Walker

George J. Yurkas

April 18, 2007

Mr. Michael Mora V26175
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

Dear Mr. Mora:

Thank you for meeting with the Law and Justice Committee of the 2006-2007 Kern County Grand Jury on February 26, 2007. Subsequent to that meeting, the Committee interviewed both the level one doctor and the Chief Medical Officer. In addition, the documents you gave the Committee were reviewed.

The Committee has also had several follow up discussions with the Chief Medical Officer. It is our understanding that all related matters have been addressed.

Accordingly, the 2006-2007 Kern County Grand Jury considers the matter closed.

Sincerely,

Ruth A. Richardson, Chairman
Law and Justice Committee

John C. Mainland, Foreman
2006-2007 Kern County Grand Jury

1415 TRUXTUN AVENUE
BAKERSFIELD, CA 93301
(661) 868-4797
FAX: (661) 321-0761
www.co.kern.ca.us/grandjury

Michael Mora
V26175-Unit-1-DH-113L
CCI, P.O. Box 107
Tehachapi, Ca 93581


Kern County Grand Jury
1415 Truxtun Avenue
Bakersfield, CA 93301


Dear Sir/Madam;


Thank you for meeting with me on February 26, 2007. I really appreciated the time and effort the Law and Justice Committee spent with me, giving me the opportunity to explain my situation here at California Correctional Institution.

However, Chief Medical Officer, Harold Tate, MD. has not addressed any of my medical needs with me, nor has any other Medical Staff here at CCI. The fact of matter, that when you were here I was without Pollen Air Filters for my C-PAP Breathing Machine. That is still the case, and the Manufacture states not to use their machine without them. So I am still being placed in a life threatening situation here at CCI, just for starters.

Once again, Thank You in trying to correct poor medical conditions here at California Correctional Institution.


May 12, 2007


Sincerely,

*Michael M*

EXHIBIT **R**

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:   MAY 0 9 2007

In re:   Mora, V-26175
California Correctional Institution
P.O. Box 1031
Tehachapi, CA 93581

IAB Case No.: 0610762        Local Log No.: CCI 06-2473

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Wright, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT:   It is the appellant's position that he has been waking up several times through out the night with sharp pains, cramping, and shocking sensation. The appellant contends that Dr. Yin told him he would monitor his problems and make a referral with Dr. Pinada at Kern County Neurological Medical Group, and Dr. Smith would follow up with the surgery process and therapy. The appellant requests that the referrals issued by Dr. Yin be honored, authorized, and expedited in a more routine manner. The appellant also requests to be seen by Dr. Smith.

II   SECOND LEVEL'S DECISION:   The reviewer found that the appellant was seen by Dr. Lewis, Orthopedist on January 24, 2007. An evaluation of the appellant's neck and shoulder was done and his shoulder had no need for medical intervention. The results of the neck examination indicated the appellant's pain was possible related to carpal tunnel and release surgery was recommended for his neck. However, upon review of the request by the Medical Authorization Review Committee the surgery was denied. The appellant was told that there was no medical indication for physical therapy, magnetic resonance imaging or a neurology follow-up. The appellant's appeal was partially granted at the Second Level of Review.

III   DIRECTOR'S LEVEL DECISION:   Appeal is denied.

A.   FINDINGS:   The appellant is advised that he has the right to refuse treatment; however it is inappropriate to demand or request which licensed physician will provide his medical care. The Director's Level of Review finds that the appellant has been examined by licensed physicians for the complaints he described. The appellant has been treated in accordance with the professional judgments of the physicians. According to Medical staff familiar with the appellant's health care and history, he has received medical treatment in accordance with departmental regulations. The appellant has presented no evidence to warrant modification of the decision reached by the institution.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3350, 3350.1, 3350.2, 3354

C.   ORDER:   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, CCI
Health Care Manager, CCI
Appeals Coordinator, CCI
Medical Appeals Analyst, CCI



UNITED STATES POSTAGE

$ 02.84⁰
PITNEY BOWES

02 1M
00042224990    JUN 08 2007
MAILED FROM ZIP CODE 93581

United States District Court
Northern District Of California
The Honorable, Thelton E. Henderson
450 Golden Gate Avenue
San Francisco, Ca 94102-3483

Michael Mora
V2017S-Unit-1-D4-136
California Correctional Institution
P.O. Box 107
Tehachapi, Ca 93581